IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY HOVANEC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CAPITAL ONE AUTO FINANCE, INC. | ) |
| EQUIFAX INFORMATION SERVICES LLC. | )   JURY DEMAND |
| Defendants. | ) ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff, Kimberly Hovanec, brings this action seeking redress against Capital One Auto Finance, Inc. and Equifax Information Services LLC. for violations of the Fair Credit Reporting Act.

### PARTIES

2. Plaintiff, Kimberly Hovanec is a resident of Chicago, Illinois and resides in this District.

3. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq ("FCRA") at § 1681a (c).

4. Defendant, Equifax Information Services LLC. ("Equifax") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*.

5. Defendant, Capital One Auto Finance, Inc. ("Capital One Auto Finance") is a furnisher of information as contemplated by the Fair Credit Reporting Act "FCRA") 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

6. Equifax Information Services LLC. is a foreign limited liability company whose registered agent in Illinois is Illinois Corporation Service, 801 Adlai Stevenson Dr., Springfield, Il. 62703.

7. Capital One Auto Finance, Inc. is a foreign corporation whose registered agent in Illinois is Illinois Corporation Service, 801 Adlai Stevenson Dr., Springfield, Il. 62703

## JURISDICTION AND VENUE

8. This lawsuit, being brought pursuant to 15 U.S.C. §1681 *et seq*. presents a federal question and as such, jurisdiction arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681 *et seq*. This Court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

9. All allegations and claims in this complaint stem from false and inaccurate credit reporting relating to plaintiff.

## GENERAL FACTUAL ALLEGATION

10. In June or July 2009, Ms. Hovanec noticed accounts on her credit report that were not hers including a Capital One Auto account for a car loan in excess of $49,000.00, a Capital One credit card account and an ATT account for a cellular telephone.

11. The Capital One credit card was not showing any negative information and was being reported paid as agreed.

12. At this time, Ms. Hovanec subsequently telephoned Capital One Auto Finance to dispute the account.

13. The customer service representative for Capital One confirmed that the bills for the auto loan were not being sent to plaintiff's home and were being paid by Jaime Carrillo.

14. At the request of Capital One, plaintiff submitted a fraud affidavit and various proofs of identity.

15. On May 27, 2010, Capital One rejected plaintiff's fraud dispute.

16. On July 31, 2010, plaintiff submitted to Equifax, Experian and TransUnion her FTC Identity Theft Victim's Complaint and Affidavit, a copy of her police report from the Dallas Police Department and proof of residence.

17. In her July 31, 2010 letter plaintiff requested that credit reporting agencies delete: (1) the Capital One Auto account for the car loan; (2) the a Capital One credit card account and (3) the ATT account for a cellular telephone that was being reported by EOS CCA.

18. Section § 1681c-2 of the FCRA requires the credit reporting agencies to block the disputed identity theft accounts within four days of receipt of plaintiff's dispute package.

19. Experian and TransUnion blocked the disputed information as required.

20. Rather then block the disputed accounts Equifax verified the Capital One accounts and asserted that the AT&T account, which was being reported by EOS CCA, was not being reported.

21. Ironically, the Equifax's credit report that was included with Equifax's results shows the AT&T account being reported by EOS CCA as disputed and under reinvestigation.

22. According to Equifax, Capital One Auto Finance and Capital One verified the accounts as belonging to plaintiff.

23. Upon information and belief, Capital One Auto Finance and Capital One falsely verified the account information to Equifax.

24. Upon information and belief, Equifax relied exclusively upon Capital One Auto Finance's and Capital One's verification and did not request any documentation as to the trade line despite plaintiff's assertion that the accounts were not hers.

25. Equifax's reinvestigation was unreasonable as it only copied what Capital One Auto Finance and Capital One informed it and failed to undertake any investigation of its own.

26. Its investigation was also unreasonable as to the EOS CCA account as its assertion that the tradeline was not being reported was contradicted by its own documents that were sent with its reinvestigation results.

27. Plaintiff has suffered damages as a result of the incorrect reporting and defendants failure to correct the credit reports.

28. In a letter dated August 18, 2010, Capital One asserted that after researching plaintiff's account, it would request that the credit reporting agencies delete the credit card account.

### **COUNT I (Equifax) - FCRA 15 U.S.C. § 1681 *et seq*.**

29. Plaintiff realleges and incorporates the above factual paragraphs herein.

30. The appearance of the incorrect Capital One Auto Finance and Capital One trade lines was the direct and proximate result of Equifax's failure to maintain reasonable procedures to assure the maximum possible accuracy of plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681 e (b).

31. Equifax negligently failed to maintain reasonable procedures to assure them maximum possible accuracy of plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681e (b) and 1681o; alternatively Equifax willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of plaintiff's credit report in violation of 15 U.S.C. §§ 1681 e (b) and 1681n.

32. Equifax has failed to conduct reasonable reinvestigation of plaintiff's consumer disputes.

33. Equifax failed to block the tradelines identified by plaintiff as resulting from an alleged identity theft despite plaintiff providing the required documentation as required by § 1681c-2.

34. The lack of reasonableness is illustrated by the fact that the TransUnion and Experian properly blocked the tradeline and Capital One later determined to delete the credit card

tradeline.

35. Equifax has negligently violated the FCRA, 15 U.S.C. §§ 1681i and 1681o; alternatively Equifax has wilfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

36. Plaintiff suffered damages as a result of this violation of the FCRA.

WHEREFORE, plaintiff request that the Court enter judgment in favor of plaintiff, and against Equifax:

A. Actual, statutory and punitive damages that may be proved by Plaintiff at trial;

B. Attorney fees and costs pursuant to 15 U.S.C. §1681n; and

C. Any other relief the Court deems just and proper.

**COUNT II - FAIR CREDIT REPORTING ACT (Capital One Auto Finance)**

37. Plaintiff realleges and incorporates the above factual paragraphs herein.

38. Capital One Auto Finance was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by plaintiff by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

39. In the event that Capital One Auto Finance was unable to verify the information which it had reported, Capital One Auto Finance was required to advise the credit reporting agency of this fact.

40. Following the reinvestigation, Capital One Auto Finance reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnisher under 15 U.S.C. § 1681s-2(a)(1)(A).

41. Following the reinvestigation, Capital One Auto Finance reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(B).

42. Following the reinvestigation, Capital One Auto Finance failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) the general duties implied to all conduct of furnisher under 15 U.S.C. § 1681s-2(a)(3).

43. Capital One Auto Finance negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168io; alternatively Capital One Auto Finance willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

44. Plaintiff has suffered damages as a result of this violation of the FCRA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, and against Capital One Auto Finance:

A. Actual, statutory and punitive damages that may be proved by Plaintiff at trial;

B. Attorney fees and costs pursuant to 15 U.S.C. §1681n; and

C. Any other relief the Court deems just and proper.

Respectfully submitted,
Plaintiff

By: /s/ Keith J. Keogh
 Her Attorney

Keith J. Keogh
Ainat Margalit
 Keogh Law, Ltd.
101 N. Wacker Dr., Suite 605
Chicago, Il 60606
312.726.1092/312.726.1093 (fax)

**JURY DEMAND**

Plaintiff demands trial by jury.


/s/ Keith J. Keogh
  Keith J. Keogh